WILLIAM E. BRASSFIELD, Respondent, v. THE HANNI-BAL & ST. JOSEPH RAILWAY Co., Appellant.

### Kansas City Court of Appeals, December 7, 1885.

RAILROAD—DUTY TO PASSENGERS—DAMAGES FOR BREACH—CASE AD-JUDGED.—During the fair at Kansas City, 1882, defendant was running an excursion train at round trip rates. Plaintiff, who was fifty-seven years old, bought a *regular full fare* ticket for defendant's regular train, entitling him to carriage from Kansas City to Liberty. Defendant sold the regular tickets for double the price of the excursion tickets. Upon applying for passage upon a *regular* train, that day, he found the car door locked, and was refused admission upon the train, and forced to take the *excursion* train, leaving about two hours later and arriving at Liberty nearly at midnight, and filled with disorderly persons. There was a trial and verdict for plaintiff for one hundred dollars damages. *Held*, the verdict was not excessive.

APPEAL from Clay Circuit Court, HON. GEORGE W. DUNN, Judge.

*Affirmed.*

The facts and case are stated in the opinion.

THOS. E. TURNEY and STRONG & MOSMAN, for the appellant.

I. The court erred in giving the instruction asked by plaintiff. It is a false issue to place the liability upon a refusal by the conductor to accept the ticket when tendered outside the coach and when not engaged in collecting fares.

II. The court erred in refusing defendant's fourth instruction. *Logan v. R. R.*, 77 Mo. 668. The contract was insufficiently pleaded. There was no proof that the relation of passenger and carrier existed ; it did not exist at the time of the acts complained of, and plaintiff was not entitled to recover any sum. *Trigg v. R. R.*, 74 Mo. 147 ; *Marshall v. R. R.*, 78 Mo. 610.

III. The damages were excessive. *R. R. Co. v. Scurr*, 59 Mo. 456 ; *R. R. v. Guinon*, 11 Lea. (Tenn.) 98. The motion for a new trial should have been sustained, because the verdict is against the instruction of the court numbered three. There is no evidence of malice, insult or wantonness, and the measure of damages plaintiff was entitled to recover, if any, was compensation for his loss of time. Cases, *supra ; R. R. v. Wright*, 68 Ind. 597. When nothing but compensatory damages are given, the general rule is that the recovery must be confined to the actual damage sustained. *Hannibal Bridge Co. v. Schaubacher*, 57 Mo. 582 ; Sedgwick on Damages (6 Ed.) 453, note three, and cases cited.

No brief on file for the respondent.

ELLISON, J.—During the fair, at Kansas City, in 1882, the defendant was running an excursion train to and from the city for the purpose of carrying all those who chose to take advantage of the reduced round trip rates.

The plaintiff, who was fifty-seven years old, purchased a regular full fare ticket for defendant's regular

train, entitling him to carriage from Kansas City to Liberty. Defendant sold the regular tickets for double the price of the excursion tickets. Plaintiff lived about three miles northeast of Liberty. When plaintiff purchased his ticket he proceeded to the regular train then standing at the bridge depot, at Kansas City, and in attempting to board the car, found the door locked. Noticing the conductor on the platform signaling the engineer to pull out, he went to him and informed him he had a regular ticket for Liberty, and demanded to know why the doors were locked. The conductor replied that they were not taking passengers; that the excursion train would take him. In consequence of this plaintiff was compelled to wait at Kansas City about two hours, and then to take the excursion train which was filled, as plaintiff expresses it, with "niggers, and smokers, and drinkers, and ruffians generally." The regular train was not crowded, and the passengers were respectable, quiet and orderly. If plaintiff had been permitted to go on the regular train he would have arrived at Liberty early in the evening. By going on the excursion train he arrived there at eleven o'clock and got home about twelve. The evening and night were wet, a rain falling most of the time, the plaintiff being in the rain on his way out from Liberty.

The court gave for plaintiff the following instruction:

"1. If the jury believe from the evidence that the plaintiff purchased of defendant a ticket for transportation from Kansas City, in Jackson county, Missouri, over defendant's road, on a regular passenger train, as alleged, and if plaintiff at defendant's depot and place for the reception of passengers tendered to defendant's conductor a regular passenger train ticket, and demanded admission into said train, it was defendant's duty to admit him, and if it failed to do so the plaintiff is entitled to recover."

And the following for defendant:

"3. If the jury find for the plaintiff they can allow

him only such damages as were the immediate result of the act complained of, and such only as the evidence shows the plaintiff has sustained in consequence of such act."

And refused the following, offered by defendant:

"1. The jury are instructed that by the sale of the tickets in proof, defendant contracted with plaintiff to carry him to the destination named in said ticket within a reasonable time, but not on any particular train. If, therefore, the jury believe from the evidence that defendant did carry plaintiff to the destination named in said ticket, on the same day that said ticket was sold, and within a reasonable time after the sale thereof, they must find for the defendant."

"2. Although the jury may believe from the evidence that defendant refused to carry plaintiff on the regular passenger train which left Kansas City on the evening in proof, yet if they further believe from the evidence that defendant did transport plaintiff in a passenger train, to the destination named in said ticket, on the same evening and not more than two hours later than by the regular passenger train, they will find for the defendant."

"4. Under the pleadings and evidence the plaintiff cannot recover, and the verdict must be for the defendant."

The jury found for the plaintiff and defendant appeals.

Defendant's counsel do not set out in their abstract the amount of the verdict, and from the manner and apparent earnestness with which defendant's counsel set forth the great injury done defendant by what they term a grossly excessive verdict, we were led to believe it must be some large and immoderate sum. We were much surprised on discovering the verdict to be for one hundred dollars.

The jury have found the facts as plaintiff details them, and from his evidence it is clear the conductor wilfully and wantonly refused to admit him to the train, for when plaintiff found the car door locked, he informed

the conductor and showed him his ticket, but only received in reply the wilfully false statement, that "we are not taking passengers." There was a careless indifference and total disregard of plaintiff's rights. By the conduct of defendant's servants he was exposed to loss of time and great inconvenience. The night was disagreeable and wet, and plaintiff was wilfully compelled to go on a train, as he says, filled with drunken and disreputable characters; compelled to do the very thing he had just paid defendant an extra price to avoid. Defendant cites authorities to show the measure of damages in this case was compensatory to plaintiff for his loss of time and his inconvenience, together with his labor, and expense, if any.

Admitting this to be true, under the evidence in the cause, the verdict was not excessive. There should have been an instruction defining or declaring the measure of damage. Defendant undertakes to cover this necessity and has given an instruction on that subject which, though not meeting the requirement fully, must be held to be satisfactory to it, and of which it cannot complain.

The instructions offered by defendant and refused by the court, when considered in connection with the evidence in the cause, amount to a declaration that the defendant could sell plaintiff a ticket for its regular train, and, then, without cause or excuse, refuse him admission thereto, and compel him to take a train filled with "niggers, and smokers, and drinkers and ruffians generally," and for which tickets could be obtained for half the price demanded and received of plaintiff.

We have examined defendant's authorities, and the argument submitted therewith, and are not led by them to believe there is any merit in its appeal.

The judgment is affirmed. All concur.